## STATE ex MIARS v BOARD OF EDUCATION OF GREENE COUNTY et

Ohio Appeals, 2nd Dist, Greene Co

No 401. Decided Nov 8, 1934

C. Luther Swain, Wilmington, for plaintiff in error.

Marcus E. McCallister, Prosecuting Attorney, Xenia, for defendants in error.

**OPINION**

By BARNES, J.

In the oral presentation, as well as in the brief of counsel for defendants, it is urged that there is not such a final judgment as can be reviewed on error. In support of this contention the case of **Cook v Ottinger, 43 Oh St, 457 to 460 and 461,** is cited. The instant case is to be distinguished from the case cited in that the petition was dismissed in the case at bar, whereas in the Cook case, supra, there was only judgment on the motion.

Coming now to consider the cause as presented through the petition in error, we think the law is reasonably well defined in proceedings of this character.

Under the provisions of §4696, GC, when 75% of the resident electors petition for transfer to another territory contiguous thereto, the duty of the Board of Education to make such transfer is mandatory.

**State ex Brenner v Board of Education, Franklin County, 97 Oh St, 337;**

**State ex Whartenby v Board of Education of Perry County, 122 Oh St, 463.**

This court has held, in the unreported case of State ex Dennison v Board of Education of Franklin County, No. 2380, decided May 19, 1934, that the petition is not self-executing. This is manifest from the language of the statute wherein it requires the Board of Education to make the transfer when the requisite petition has been filed.

The duty would devolve upon the Board in the first instance to determine whether or not the territory is contiguous; whether or not the purported signatures are genuine resident electors of the district; further, to determine the total electors and if the requisite 75% have signed. In other words, the Board should determine every jurisdictional fact prescribed under the Code.

No time is prescribed within which the Board should act and; hence, there would be given a reasonable time.

It appearing from the filing date on the petition and the allegations therein, that the Board rejected the petition on the same day that it was filed, would lead to the inference of rather hasty action, if not otherwise explained.

An examination of the record discloses that it is the claim and contention of the defendants that they did not act upon the petition of September 8 at all, and, hence, the claim of counsel for the defendants that the petition in mandamus was premature.

The following historical facts will clarify what otherwise would seem to be an anomalous situation:

On August 16, 1933, relator and others filed with the defendant Board of Education their petition for transfer of what is now claimed to be the same territory.

On September 8 following, the Board met for the purpose of considering and determining this petition of August 16. During the time that the Board was in executive session, the relator and other petitioners, together with their counsel, were waiting in an outside room. Before the Board came out to announce their decision, another petition was sent in to the Board, by a stenographer. No communication of any kind, either oral or written, accompanied

this petition, nor was any information given as to the purpose of its filing. It is now claimed by counsel for relators that the petition of August 16, 1933 was insufficient in that it did not bound the territory other than the red lines on the map attached, and, further, that there was no statement therein that the petition was signed by 75% or more of the resident electors. The Board of Education, after completing their business in executive session, presented to counsel for the relator and other petitioners their resolution refusing to make the transfer.

We might say in passing that the reasons assigned in this resolution were entirely outside of their function and province, and the reasons therein given would not be sufficient to deny the petition, if it otherwise complied with §4696, GC.

The observation could be further made that the relators could not have relief because of improper reasoning of the Board but they at all times would be compelled to present a case showing full compliance with the provisions of the Code. It appearing, however, that relators make no reliance upon the petition of August 16, which leaves only the remaining question whether or not the Board acted on the petition of September 8.

The general rule is that boards speak through their records and not otherwise. It sometimes happens that ambiguities and uncertainties may be clarified by parol.

The record action of the Board was read in evidence and the inference clearly arises that they were meeting on this 8th day of September to take action on the August 16 petition.

The evidence of what the members of the Board and clerk said after they emerged from their executive session, would not be substantive evidence of Board action.

Under the entire record we think there is a failure to show that the Board acted on the petition of September 8. Further, it is apparent that the Board did not know the purpose of the petition of September 8. In fact, it was not until the date of trial on September 21, that counsel made the disclosure as to the reason for filing the new petition.

No doubt the thought suggests itself to counsel and parties that the Board's action would not have been different on the petition of September 8 than on that of August 16, but even so, mandamus will not lie until the Board has an opportunity to act. The fact that the petition in mandamus was filed on the same day as the petition

makes it apparent that the action was brought prematurely.

We have a somewhat unusual situation in the instant case, in that the relators were, through their motion, seeking a peremptory writ. In practice it is rather unusual to issue a peremptory writ in the first instance. The favored procedure is to issue an alternative writ, and then the cause comes up later for hearing upon the merits, after the issues are joined. It is quite true that the statute authorizes the court to issue a peremptory writ where the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not doing it. §12288, GC. No such case was presented to the trial court.

Apparently the trial court based its conclusions for dismissing the petition on the claimed withdrawal of signatures before the hearing on the motion for mandamus. These attempted withdrawals of signatures occurred after relator had filed the petition in mandamus. If this was the only question involved, we doubt very much if we could find ourselves in agreement with the trial court.

We arrive at this conclusion by reason of the condition attached to the attempted withdrawal.

Withdrawals, to be effective as such, must be unconditional. Of course, the petitioners and other affected parties, including the Board of Education, might make agreements through which the desire to be attached to another school district would be removed, but such terms can not be attached as a conditional withdrawal of signatures.

To be effective, the withdrawal must be unconditional.

The case of **State ex Kahle v Rupert, Auditor, 99 Oh St 17,** discusses very fully the right of signatories to withdraw and the time when such right ceases.

We think the rule is fairly inferable from the above-quoted case that the right of withdrawal exists up to the time that the Board acts, and that thereafter the right does not exist.

Applying this principle to the instant case, we would be inclined to hold that the withdrawal of signatures, even if unconditional, would not be effective if the Board had acted upon the petition. As heretofore stated, we think the evidence fails to establish that the Board had acted at all on the petition of September 8. The case of State ex Kahle, supra, holds that an action can not arbitrarily be held for the purpose of permitting withdrawals, but

where the Board fails to act within a reasonable time mandamus will lie and thereafter there would not exist the right of withdrawal of signatures.

A writ of mandamus is at common law regarded as a high prerogative right. . It is employed to prevent a failure of justice and is only allowed to a party showing a clear legal right to the relief sought.

State ex v Berry, 14 Oh St, 315;
State ex v Smith, 71 Oh St, 13.

The right to a peremptory writ of mandamus by a relator must be predicated on the clear legal right of the relator to the inherent natural justice of his claim.

State ex v Graves, Oh St 36-38.

"It is well settled that the issuance of the writ rests, to a considerable extent,— subject always to the well settled principles that have been established—within the sound discretion of the court."

28 O. Jur., (Mandamus) §40, page 1020.

The following sections, §§41 and 42, also contain a pertinent discussion on the issuing of a writ of mandamus.

The province of the trial court was to determine whether or not the defendant Board, at the time of filing the petition had failed in the performance of an act which the law specifically enjoins as a duty.

As heretofore stated, it is our conclusion that the action was brought prematurely and before the Board had been given a reasonable time and opportunity to act.

Finding no prejudicial error, the petition in error will be dismissed at costs of plaintiff in error. Exceptions will be allowed.

HORNBECK, PJ, and KUNKLE, J, concur.